UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN GREYSTOKE,

    Plaintiff,

 v.

CLALLAM COUNTY CORRECTIONS FACILITY, JAMES VICE, ARTHUR TORDINI,

    Defendants.

CASE NO. 3:17-CV-05272-RJB-DWC

ORDER TO SHOW CAUSE OR AMEND COMPLAINT

Plaintiff John Greystoke, proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983. Having reviewed and screened Plaintiff's Amended Complaint under 28 U.S.C. § 1915A, the Court declines to serve the Amended Complaint but provides Plaintiff leave to file an amended pleading by June 16, 2017, to cure the deficiencies identified herein.

**BACKGROUND**

Plaintiff, who is housed at Clallam County Corrections Facility ("Corrections Facility"), alleges his constitutional rights were violated when he was (1) sexually assaulted by Defendant

James Vice; (2) forced to live in inhumane conditions of confinement; and (3) denied adequate medical care by Defendant Arthur Tordini. Dkt. 16.[1, 2]

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must "dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* at (b); 28 U.S.C. § 1915(e)(2); *see Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

In order to state a claim for relief under 42 U.S.C. § 1983, a plaintiff must show: (1) he suffered a violation of rights protected by the Constitution or created by federal statute, and (2) the violation was proximately caused by a person acting under color of state law. *See Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991). The first step in a § 1983 claim is therefore to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). To satisfy the second prong, a plaintiff must allege facts showing how individually named defendants caused, or personally participated in causing, the harm alleged in the complaint. *See Arnold v. IBM*, 637 F.2d 1350, 1355 (9th Cir. 1981).

---

[1] On April 26, 2017, the Court screened Plaintiff's Complaint and found it was deficient. *See* Dkt. 10. The Court ordered Plaintiff to correct the deficiencies by May 26, 2017. *Id.* Plaintiff filed the Amended Complaint on May 5, 2017. Dkt. 16.

[2] The Court notes Plaintiff also attached a letter to the Amended Complaint which responded to the Court's previous Order to Show Cause or Amend Complaint. *See* Dkt. 16-1. It is unclear if Plaintiff is attempting to add claims or facts to the Amended Complaint in this letter. The Court, however, will only consider those Defendants and claims which are clearly articulated in the amended complaint.

Plaintiff's Amended Complaint suffers from deficiencies requiring dismissal if not corrected in an amended complaint.

### I.  Statute of Limitations

In his Amended Complaint, Plaintiff alleges he was sexually assaulted by Defendant Vice in 1991. Dkt. 16. Plaintiff was directed to show cause why this claim should not be dismissed as barred by the statute of limitations. *See* Dkt. 10. Plaintiff filed a response regarding statutory rape, not the statute of limitations. *See* Dkt. 16-1. The Court therefore provides Plaintiff with a second opportunity to show cause why this claim is untimely.

A complaint must be timely filed. The Civil Rights Act, 42 U.S.C. § 1983, contains no statute of limitations. "Thus, the federal courts [] apply the applicable period of limitations under state law for the jurisdiction in which the claim arose." *Rose v. Rinaldi*, 654 F.2d 546, 547 (9th Cir. 1981). In *Rose*, the Ninth Circuit determined the three year limitations period identified in Revised Code of Washington 4.16.080(2) is the applicable statute of limitations for § 1983 cases in Washington. 654 F.2d at 547; *see* R.C.W. § 4.16.080(2).

The Court also applies the forum state's law regarding equitable tolling for actions arising under § 1983. *Jones v. Blanas*, 393 F.3d 918, 927 (9th Cir. 2004). In Washington, courts permit equitable tolling "when justice requires." *Millay v. Cam*, 135 Wash.2d 193, 206 (1998). "The predicates for equitable tolling are bad faith, deception, or false assurances by the defendant and the exercise of diligence by the plaintiff." *Id.* Courts "typically permit equitable tolling to occur only sparingly, and should not extend it to a garden variety claim of excusable neglect." *State v. Robinson*, 104 Wash.App. 657, 667 (2001) (internal quotations omitted). Washington State also allows for a tolling period when a person is imprisoned on a criminal

charge prior to sentencing. *See* R.C.W. § 4.16.190; *see also Williams v. Holevinski*, 2006 WL 216705, *2 (E.D. Wash. July 31, 2006).

Although the statute of limitations is an affirmative defense which normally may not be raised by the Court *sua sponte*, it may be grounds for *sua sponte* dismissal of an *in forma pauperis* complaint where the defense is complete and obvious from the face of the pleadings or the Court's own records. *See Franklin v. Murphy*, 745 F.2d 1221, 1228–30 (9th Cir. 1984).

From the allegations contained in the Complaint, Plaintiff had actual notice of the facts related to the claim alleged against Defendant Vice on March 31, 1991. *See* Dkt. 16, p. 3; *Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996) (a claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action). The time for filing a complaint as to this claim expired three years later, on March 31, 1994. Plaintiff initiated this lawsuit on April 8, 2017, approximately 23 years after the statute of limitations expired. *See* Dkt. 1. Plaintiff has not shown statutory or equitable tolling is applicable in this case. *See* Dkt. 8. Therefore, Plaintiff must show cause why the claim against Defendant Vice should not be dismissed because it is untimley.

**II.     Conditions of Confinement**

In the Complaint, Plaintiff alleges he was forced to live in inhumane conditions. Dkt. 16, p. 3.[3] The Constitution does not mandate comfortable prisons, but neither does it permit inhumane prisons. *Farmer v. Brennan*, 511 U.S. 825, 832 (1970). Under the Eighth Amendment, prison

---

[3] While it is unclear from the Complaint, it appears Plaintiff is a pretrial detainee. *See* Dkt. 8. Regardless of whether he is a pretrial detainee or serving a sentence, the Eighth Amendment standards apply. *See Bell v. Wolfish*, 441 U.S. 520, 535 n. 16 (1979) (conditions of confinement imposed on a pretrial detainee are governed by the Fourteenth Amendment Due Process Clause); *Frost v. Agnos*, 152 F.3d 1124, 1128 (9th Cir. 1998) ("Because pretrial detainees' rights under the Fourteenth Amendment are comparable to prisoners' rights under the Eighth Amendment, however, we apply the same standards.").

officials are required to provide prisoners with basic life necessities, such as food, clothing, shelter, sanitation, medical care, and personal safety. *Id.*; *Toussaint v. McCarthy*, 801 F.3d 1080, 1107 (9th Cir. 1986). To state a claim for unconstitutional conditions of confinement, a plaintiff must allege a defendant's acts or omissions deprived the inmate of "the minimal civilized measure of life's necessities" and the defendant acted with deliberate indifference to an excessive risk to inmate health or safety. *Allen v. Sakai,* 48 F.3d 1082, 1087 (9th Cir. 1994) (quoting *Farmer,* 511 U.S. at 834); *see Estate of Ford v. Ramirez—Palmer,* 301 F.3d 1043, 1049–50 (9th Cir. 2002).

"To violate the Cruel and Unusual Punishments Clause, a prison official must have a sufficiently culpable state of mind." *Farmer*, 511 U.S. at 834 (internal quotations omitted). "In prison-conditions cases th[e] state of mind is one of 'deliberate indifference' to inmate health or safety[.]" *Id.* (*citing Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991)). A prison official does not act with deliberate indifference "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer,* 511 U.S. at 837.

Plaintiff states the conditions at the Corrections Facility violate basic human rights. *See* Dkt. 16. Plaintiff states the following conditions violate his rights: sleeping on the floor, lack of safety, risk of injury during earthquakes, constant lighting, defective plumbing, deprivation of basic sanitation, excessive cold, toxic noxious fumes, inadequate ventilation, lack of potable water, exposure to extreme behavior of severely mentally ill persons, sleep deprivation, excessive noise, exposure to sewage, and inadequate food service. *Id.* at p. 3. He also appears to allege a lack of general mental health care. *See id*.

To state a claim under 42 U.S.C. § 1983, Plaintiff must allege facts showing how a defendant caused or personally participated in causing the harm alleged in the complaint. *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988); *Arnold*, 637 F.2d at 1355. A person subjects another

ORDER TO SHOW CAUSE OR AMEND
COMPLAINT - 5

to a deprivation of a constitutional right when committing an affirmative act, participating in another's affirmative act, or omitting to perform an act which is legally required. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978). Plaintiff's Amended Complaint fails to identify any Defendant who personally participated in the alleged constitutional violation. *See Jones v. Community Development Agency*, 733 F.2d 646, 649 (9th Cir. 1984) (vague and mere conclusory allegations unsupported by facts are not sufficient to state section 1983 claims). Therefore, if Plaintiff wishes to pursue a claim regarding the conditions of confinement at the Corrections Facility, he must provide a short, plain statement explaining *exactly* what each Defendant did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm. General statements alleging the conditions violate his rights are insufficient to state a claim and will not survive §1915A screening.

### III. Serious Medical Need

Plaintiff also alleges Defendant Tordini acted with deliberate indifference to Plaintiff's request for treatment for his syphilis and diabetes. Dkt. 16. Deliberate indifference to serious medical needs of prisoners constitutes the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976) (internal citation omitted); *see Hudson v. McMillan*, 503 U.S. 1, 6 (1992). An Eighth Amendment medical claim has two elements: (1) "the seriousness of the prisoner's medical need and [(2)] the nature of the defendant's response to that need." *McGuckin v. Smith,* 974 F.2d 1050, 1059 (9th Cir.1991), *overruled on other grounds by WMX Techs., Inc. v. Miller,* 104 F.3d 1133 (9th Cir.1997) (en banc).

A medical need is serious "if the failure to treat the prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain.'" *McGuckin*, 974 F.2d at 1059 (*quoting Estelle*, 429 U.S. at 104). "The existence of an injury that a reasonable

doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's daily activities; or the existence of chronic and substantial pain are examples of indications that a prisoner has a 'serious' need for medical treatment." *Id.* at 1059-1060.

If a plaintiff shows he suffered from a serious medical need, he must then show the prison officials responded to the need with deliberate indifference. *See Farmer*, 511 U.S. at 834. Deliberate indifference to a prisoner's serious medical need requires "a purposeful act or failure to act on the part of the defendant." *McGuckin*, 974 F.2d at 1060. In other words, "[a] defendant must purposefully ignore or fail to respond to a prisoner's pain or possible medical need." *Id*. A prison official, accordingly, will not be found deliberately indifferent to a prisoner's serious medical needs "unless the official knows of and disregards an excessive risk to inmate health or safety." *Farmer*, 511 U.S. at 837. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.*

Plaintiff alleges Defendant Tordini has repeatedly denied Plaintiff treatment for syphilis and diabetes. Dkt. 16, p. 3. He also states Defendant Tordini provided inappropriate care when he was examining Plaintiff and placed something other than his finger in Plaintiff's anal cavity. *Id*.

First, Plaintiff has not alleged facts sufficient to show Defendant Tordini was aware Plaintiff was suffering from syphilis and diabetes. As Plaintiff has not alleged Defendant Tordini had knowledge of Plaintiff's serious medical needs, he has not alleged facts sufficient to show Defendant Tordini acted with deliberate indifference to Plaintiff's serious medical needs.

Second, Plaintiff has failed to allege facts sufficient to show Defendant Tordini's examination of Plaintiff violated Plaintiff's constitutional rights. Plaintiff has not provided any

information about why Defendant Tordini was examining Plaintiff's anal cavity. Further, he does not explain how Defendant Tordini's actions resulted in a constitutional violation. It appears Plaintiff merely disagrees with Defendant Tordini's course of treatment, which is insufficient to state a §1983 claim. *See Toguchi v. Chung*, 391 F.3d 1051, 1058 (9th Cir. 2004) (finding mere differences of opinion between a prisoner and prison medical staff or between medical professionals regarding the proper course of treatment does not give rise to a § 1983 claim); *Hutchinson v. U.S.*, 838 F.2d 390, 394 (9th Cir. 1988) ("[m]ere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights.").

For the above stated reasons, the Court finds Plaintiff has failed to state a claim upon which relief can be granted as to Defendant Tordini. If Plaintiff wishes to pursue a claim against Defendant Tordini for deliberate indifference to a serious medical need, he must provide a short, plain statement explaining *exactly* what Defendant Tordini did or failed to do and how the actions violated Plaintiff's constitutional rights and caused him harm.

### IV.     Improper Defendant

Plaintiff names the Corrections Facility as a Defendant in this action. Dkt. 16, p. 1. The Court notes the Corrections Facility is not a legal entity capable of being sued under § 1983. Rather, Clallam County, a municipality, would be the proper defendant. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Nolan v. Snohomish County*, 59 Wash.App. 876, 882 (1990); *Patu v. Pierce County Jail*, 2015 WL 3949355, *3 (W.D. Wash. June 29, 2015). To set forth a claim against a municipality, a plaintiff must show the defendant's employees or agents acted through an official custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil rights, or that the entity ratified the unlawful conduct. *Id.* at 690-91. A plaintiff must show (1) deprivation of a

constitutional right; (2) the municipality has a policy; (3) the policy amounts to deliberate indifference to a plaintiff's constitutional rights; and (4) the policy is the moving force behind the constitutional violation. *See Oviatt v. Pearce*, 954 F.3d 1470, 1474 (9th Cir. 1992).

Plaintiff has not named Clallam County as a defendant or alleged facts against Clallam County showing it is liable. For example, Plaintiff does not identify a policy, custom, or pattern implemented by Clallam County which resulted in the depravation of his constitutional rights. If Plaintiff seeks to sue Clallam County, he must allege facts sufficient to meet the required elements of a claim against a municipality and show Clallam County violated his constitutional rights.

### V. Instruction to Plaintiff and the Clerk

If Plaintiff intends to pursue a § 1983 civil rights action in this Court, he must file an amended complaint and within the amended complaint, he must write a short, plain statement telling the Court: (1) the constitutional right Plaintiff believes was violated; (2) the name of the person who violated the right; (3) exactly what the individual did or failed to do; (4) how the action or inaction of the individual is connected to the violation of Plaintiff's constitutional rights; and (5) what specific injury Plaintiff suffered because of the individual's conduct. *See Rizzo v. Goode*, 423 U.S. 362, 371–72, 377, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). If Plaintiff intends to pursue any claim which occurred prior to April 8, 2014, he must show tolling is warranted.

Plaintiff shall present the amended complaint on the form provided by the Court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it should contain the same case number, and it may not incorporate any part of the original complaint by reference. The amended complaint will act as a complete substitute for

the original Complaint, and not as a supplement. The Court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The Court will not authorize service of the amended complaint on any defendant who is not specifically linked to a violation of Plaintiff's rights.

**Plaintiff's Amended Complaint is nearly illegible. The Court instructs Plaintiff to write as neatly as possible and to ensure the copies sent to the Court are legible.**

If Plaintiff fails to file an amended complaint or fails to adequately address the issues raised herein on or before June 16, 2017, the undersigned will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915.

The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. § 1983 civil rights complaint and for service. The Clerk is further directed to send copies of this Order and Pro Se Instruction Sheet to Plaintiff.

Dated this 15th day of May, 2017.

David W. Christel
United States Magistrate Judge