UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN GREYSTOKE,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>CLALLAM COUNTY CORRECTIONS FACILITY, JAMES VICE, AND ARTHUR TORDINI, et al.,<br><br>　　　　　　　　　Defendants. | CASE NO. 3:17-cv-05272-RJBDWC<br><br>ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND TO CONSOLIDATE CASES |

THIS MATTER comes before the Court on the Report and Recommendation of Magistrate Judge David W. Christel (Dkt. 33) and Plaintiff's Motion for Extension of Time and to Consolidate Cases (Dkt. 36). The Court has considered all submissions filed by Plaintiff, which the Court construes as objections, and the remainder of the file herein.

The Court agrees with and adopts the Report and Recommendation, which recommends dismissal for failure to state a claim upon which relief can be granted. The Court adds additional analysis to the R&R as follows:

(1) <u>Defendant Clallam County.</u>

The R&R addresses defendants James Vice and Arthur Todini, but not defendant Clallam County. Dkt. 33. In Magistrate Judge Christel's May 15, 2017 Order to Show Cause (Dkt. 19),

1    Magistrate Judge Christel explained that to set forth a clam against Clallam County, a

2    municipality, Plaintiff must show the defendant's employees or agents acted through an official

3    custom, pattern, or policy permitting deliberate indifference to, or violating, the plaintiff's civil

4    rights, or that the municipality ratified the unlawful conduct. Dkt. 19 at 8. *See Oviatt v. Pearce*,

5    954 F.3d 1470, 1474 (9th Cir. 1992). Thereafter, Plaintiff filed the Second Amended Complaint

6    (Dkt. 22[1]). The Second Amended Complaint, however, does not correct the deficiencies

7    identified by the Order to Show Cause, which unambiguously set out the legal standard for

8    Plaintiff's pleadings. Defendant Clallam County should be dismissed, because as to that

9    defendant the Second Amended Complaint has failed to state a claim.

10           (2) <u>Objections to the R&R.</u>

11           Since the issuance of the R&R Plaintiff has filed multiple submissions, but none have

12   supplemented the Second Amended Complaint (Dkt. 22) in any meaningful way. *See* Dkts. 37-

13   43.  In a letter to the Court, docketed as Plaintiff's Objections (Dkt. 37), Plaintiff requests a third

14   opportunity to amend the Complaint and "to bifurcate the previous charges." Plaintiff has had

15   multiple opportunities to amend, without success. Further, Plaintiff does not make a coherent

16   showing as to what an amended complaint could allege. *See* Dkt. 37. Plaintiff submitted a copy

17   of the R&R with Plaintiff's handwritten corrections (Dkt. 38), but the submission does not

18   comprehensibly point to an error. The other filings (Dkts. 39-43) fare no better. Plaintiff invites

19   the magistrate to "take care of the deficiencies" relating to Plaintiff's disability benefits (Dkt.

20   39), submits Plaintiff's corrections to a letter from Clallam County Corrections Facility to

21   Plaintiff (Dkt. 40), and requests assistance with obtaining an address (Dkt. 43) and with what

---

[1] This Court joins the magistrate judge in its conclusion that Dkt. 22, docketed as Proposed Third Amended Complaint, is properly referred to as the Second Amended Complaint.

ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND TO CONSOLIDATE CASES - 2

1 appears to be Plaintiff's prison bank account (Dkts. 41, 42). Plaintiff's objections are

2 unpersuasive.

3     (3) <u>Motion for Extension of Time and Consolidate Cases.</u>

4     Since the issuance of the R&R, Plaintiff filed a letter on May 16, 2017, which was

5 docketed as a Motion for Extension of Time and Consolidate Cases. Dkt. 36. The letter requests

6 more time for Plaintiff to file an objection to the R&R. However, since that submission, Plaintiff

7 has made <u>seven</u> other filings. Dkts. 37-43. The request for an extension of time, to the extent it

8 should be construed as a motion, should be denied. The letter also requests "joining" this case

9 with another, C17-5345-BWS-DWC, but Plaintiff makes no factual showing that the cases

10 should be consolidated. Further, because the Second Amended Complaint should be dismissed

11 for failure to state a claim, the motion to consolidate is moot. To the extent that Dkt. 36 should

12 be construed as a motion, the motion should be denied.

13     THEREFORE, it is HEREBY ORDERED:

14     (1) The Court adopts the Report and Recommendation (Dkt. 33).

15     (2) The case is DISMISSED for failure to state a claim.

16     (3) The Motion for Extension of Time and Consolidate Cases (Dkt. 36) is DENIED.

17     (4) This is a strike, pursuant to 28 U.S.C. § 1915(g).

18     The Clerk is directed to send uncertified copies of this Order to all counsel of record and

19 to any party appearing pro se at said party's last known address.

20     Dated this 14th day of July, 2017.

*(signature)*

ROBERT J. BRYAN
United States District Judge

ORDER (1) ADOPTING REPORT AND RECOMMENDATION AND (2) DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME AND TO CONSOLIDATE CASES - 3